UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                                    Plaintiff,<br><br>v.<br><br>PABLO GARCES CAMUS, an individual; and DBOSS FUNDING, LLC,<br><br>                                    Defendants. | Case No.:  23-CV-2154 JLS (SBC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT DBOSS**<br><br>(ECF No. 15) |

Presently before the Court is Plaintiff Anton A. Ewing's Motion for Extension of Time to Serve Defendant DBOSS FUNDING, LLC ("Mot.," ECF No. 15).  On July 12, 2024, the Court denied without prejudice Plaintiff's Motion for Default Judgment, reasoning that Plaintiff had failed to (1) properly serve DBOSS FUNDING, LLC ("DBOSS") and (2) demonstrate that the Court could exercise personal jurisdiction over either Defendant.  ECF No. 13 (the "Order") at 8, 10–14.

Plaintiff now concedes his previous attempt at service of DBOSS was ineffective. *See* Mot. at 1.  Plaintiff therefore seeks an extension of time to serve DBOSS anew.[1]  *Id.* at

---

[1] Plaintiff also requests additional time "to serve Defendant [Pablo Garces Camus ("Camus")] with the First Amended Complaint under Rule 5."  Mot. at 2.  This request is necessary because the Order set a fourteen-day deadline for Plaintiff to complete said service.  *See* Order at 14–15.

1

1–2.

Federal Rule of Civil Procedure 4(m) sets an "irreducible allowance" of ninety days for a Plaintiff to complete service. *Henderson v. United States*, 517 U.S. 654, 661 (1996); Fed. R. Civ. P. 4(m). If a plaintiff fails to effect service within that time frame, Rule 4(m) (1) "requires a district court to grant an extension of time when the plaintiff shows good cause" for their delay in service and (2) "permits the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphases omitted). When exercising their discretion to grant or deny an extension, courts "may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998)).

The Court will grant Plaintiff a thirty-day extension. Plaintiff has exceeded Rule 4(m)'s ninety-day deadline by five months, which, though extensive, does not compare to the length of delay that has led courts to deny extensions of time in the past. *Cf. id.* (holding the grant of an extension was an abuse of discretion where the plaintiff failed to effect service within *seven years*). Moreover, Plaintiff's delay is not without reason—he believed service was proper until he was informed otherwise by this Court. Lastly, there is no indication that either Defendant has suffered prejudice stemming from Plaintiff's delay.

Accordingly, Plaintiff **SHALL SERVE** the Amended Complaint on both DBOSS and Camus within <u>thirty (30) days</u> of the date of this Order. If Plaintiff fails to so act, the Court may dismiss this action without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

Dated: July 18, 2024

Hon. Janis L. Sammartino
United States District Judge

23-CV-2154 JLS (SBC)