# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>Plaintiff,<br><br>v.<br><br>PABLO GARCES CAMUS, an individual; and DBOSS FUNDING, LLC,<br><br>Defendants. | Case No.: 23-CV-2154 JLS (SBC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 23) |

Presently before the Court is Plaintiff Anton A. Ewing's Renewed Motion for Default Judgment ("Mot.," ECF No. 23). Defendants Pablo Garces Camus and DBOSS Funding, LLC ("DBOSS") (collectively, "Defendants") did not respond to the Motion, and the Court thereafter vacated the hearing and took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 24. Having carefully reviewed Plaintiff's Motion, First Amended Complaint ("FAC," ECF No. 14), evidentiary submissions, and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## BACKGROUND

The Court incorporates by reference the factual and procedural background stated in its July 12, 2024 Order ("Order," ECF No. 13), and states here only the additional facts relevant to the instant Motion. In short, this case involves thirteen phone calls/text

messages Plaintiff allegedly received from Defendants that he claims violate federal and state statutory law, thereby entitling Plaintiff to relief.

Plaintiff filed this action on November 22, 2023, and on July 12, 2024, the Court denied his first Motion for Default Judgment. In so holding, the Court concluded that Plaintiff had failed to comply with his service of process obligations with respect to DBOSS as set forth in Federal Rule of Civil Procedure 4, Order at 5–8, and that Plaintiff had failed to otherwise establish specific personal jurisdiction over either DBOSS or Camus based on the conclusory nature of the factual allegations connecting Defendants to the phone calls and text messages at the center of this dispute, *id.* at 10–14. But the Court denied the Motion without prejudice, offering Plaintiff the opportunity to effect proper service on DBOSS and to file an amended complaint curing the noted deficiencies. *Id.* at 15.

After another unsuccessful round of service attempts, *see* ECF Nos. 17, 18, 19, Plaintiff purported to serve DBOSS on August 6, 2024, *see* ECF No. 20, after which the Clerk of the Court entered default on August 28, 2024, ECF No. 22. Then, on September 27, 2024, Plaintiff filed the Renewed Motion for Default Judgment, which is now before the Court. As before, Plaintiff seeks $104,000 in statutory damages for violations of 47 U.S.C. § 227(b), 47 U.S.C. § 227(c), and California Penal Code §§ 632.7, 637.2. *See* Mot. at 5. He also seeks an injunction proscribing future calls and texts. *Id.* at 17.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits a court to enter default judgment upon a party's application. Although default judgments are "ordinarily disfavored," a court may grant or deny a motion for default judgment at its discretion. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986)).

/ / /

The Ninth Circuit has set out seven factors, known as the *Eitel* factors, that a court may consider when exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

When weighing these factors, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); *see also* Fed. R. Civ. P. 8(b)(6). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## ANALYSIS

### I.  Subject Matter Jurisdiction

Before turning to the merits, the Court must assure itself of its subject matter jurisdiction. *See Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2019 WL 3387977, at *3 (N.D. Cal. July 26, 2019). In the Order, the Court determined that it has subject matter over Plaintiff's claims under 28 U.S.C. §§ 1331, 1367. Order at 4 (citing *Ewing v. Flora*, No. 14CV2925 AJB (NLS), 2015 WL 12564225, at *3 (S.D. Cal. Mar. 25, 2015)). Because this condition remains unchanged, the Court again finds that subject matter jurisdiction exists.

### II.  Personal Jurisdiction

The Court must also possess personal jurisdiction over Defendants, or else any default judgment would be void. *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973). Here, the Court's personal jurisdiction inquiry implicates two issues: service of process and specific jurisdiction.

### A.     *Service of Process*

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). To date, the Court has determined only that Camus has been properly served. *See* Order at 5. In contrast, Plaintiff has faced significant hurdles in serving DBOSS. *See* Order at 5–8; ECF No. 19 (noting Plaintiff's failure to serve DBOSS with the FAC rather than the original Complaint). Unfortunately for Plaintiff, another hurdle stands in his way.

In the Order, the Court described and analyzed Plaintiff's various avenues for effecting proper service of process on DBOSS, a limited liability company ("LLC"). To briefly summarize, the first avenue was to serve "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The second avenue was to follow state law "in the state where the district court is located or where service is made." *Id.* 4(h)(1)(A) & 4(e)(1). Because Plaintiff attempted to execute service on DBOSS the first time around exclusively by virtue of his service on Camus, the Court considered whether personal service on Camus was sufficient under either avenue as defined above. It was not.

Plaintiff now purports to have served DBOSS through its California-based registered agent, United States Corporation Agents, Inc. ("USCA"), on August 5, 2024. *See* ECF No. 20. As the Court took notice of in the Order,[1] USCA has been DBOSS's registered agent in California since September 19, 2023.[2] Public records indicate that DBOSS has continuously retained USCA as its California-based registered agent since that day; thus, USCA was the registered agent on file at the time of Plaintiff's service of the FAC on

---

[1] The Court takes judicial notice of records from California's Secretary of State website pursuant to Federal Rule of Evidence 201. *See, e.g.*, *GCIU-Emp. Ret. Fund v. Shelton-Turnbull Printers, Inc.*, No. 2:22-CV-02381-MCS-KS, 2022 WL 18231685, at *1 n.1 (C.D. Cal. Oct. 3, 2022).

[2] *Business Search*, Cal. Sec'y of State, https://bizfileonline.sos.ca.gov/search/business (search in search bar for "DBOSS Funding LLC") (last visited Mar. 17, 2025).

August 5, 2024. This much bodes well for Plaintiff, as service on a registered agent is one of the lawfully authorized service methods in the state of California for unincorporated business entities. *See* Cal. Civ. P. Code § 416.40(b). Where Plaintiff's service of process falters, however, is in the absence of any indication of *who* was personally served.

The "California Corporations Code allows plaintiffs to serve foreign LLCs under California Civil Procedure Code Chapter Four." *Paul Frank Ltd. v. China Brands Grp.*, No. 2:24-cv-2759-ODW (JCx), 2024 WL 5424370, at *6 (C.D. Cal. July 24, 2024) (citing Cal. Corp. Code § 17701.16(a)). A foreign LLC is, in turn, "an unincorporated entity formed under the law of a jurisdiction other than [California] and denominated by that law as a limited liability company." Cal. Corp. Code § 17701.02(j). As it relates to LLCs, Chapter Four of the California Civil Procedure Code authorizes service of process on "*the person* designated as agent for service of process in a statement filed with the Secretary of State."[3] Cal. Civ. P. Code § 416.40(b) (emphasis added). Alternatively, the California Corporations Code authorizes service of process "by delivery . . . to *any individual* designated by it as agent." Cal. Corp. Code § 17701.16(b) (emphasis added).

Thus, "plaintiffs must specify at whom service is directed so a court possesses 'information necessary to determine whether service was effective.'" *Paul Frank*, 2024 WL 5424370, at *7 (quoting *Jeremiah v. Cryptospace, LLC*, No. 2:23-cv-02133-MCS (ASx), 2023 WL 5506723, at *2 (C.D. Cal. July 7, 2023)). This requirement comports with the codified requirement that, when a plaintiff in California serves process by means of personal service, the proof of service "shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered." Cal. Civ. P. Code § 417.10(a).

Here, Plaintiff has failed to prove that he complied with California's procedural

---

[3] The Court recognizes that it cited to California Civil Procedure Code § 416.10 in the Order as the source of authority for serving DBOSS. *See* Order at 7. In retrospect, that section was limited to service on a *corporation*, whereas § 416.40 is applicable to an *unincorporated association*. The Court respectfully corrects the record on this point.

requirements for serving process on DBOSS, a foreign LLC.[4]  The operative Proof of Service that Plaintiff filed notes simply that USCA—the registered agent in California for DBOSS Funding, LLC—was personally served, but it lacks any further detail as to on whom personal service was caused.  *See* ECF No. 20.  The Proof of Service specifically notes that a "person" was served by personal service, but absent is any indication of who that "person" was or what their relationship to DBOSS or USCA was.  Without more, the operative Proof of Service is deficient.  *See Jeremiah*, 2023 WL 5506723, at *2 (rejecting proof of service that "d[id] not identify any person authorized to be served on behalf of Defendant").

Plaintiff was not without guidance on who to serve as public records reveal ample evidence as to which individuals were authorized to receive service of process on behalf of USCA.  DBOSS's business page on the California Secretary of State's website lists three individuals as persons authorized to receive service of process.  These three individuals, plus a fourth, are additionally listed on USCA's Registered Corporate Agent for Service of Process Certificate, the statutorily required public filing with the California Secretary of State for corporations that seek designation "as the agent for the purpose of service of process of any entity."  Cal. Corp. Code § 1505(a); *see also id.* § 1505(a)(2) (requiring the certificate to list the "name of each person employed by [the corporation] at each such office to whom it authorizes the delivery of a copy of any such process").  By not identifying any of these individuals on his Proof of Service, Plaintiff leaves the Court in doubt that process was properly effected.

Accordingly, Plaintiff has not complied with Federal Rule of Civil Procedure 4 with respect to DBOSS.  The Court, therefore, may not exercise personal jurisdiction over DBOSS.  Plaintiff's Renewed Motion for Default Judgment is **DENIED** on that ground

/ / /

---

[4] The California Secretary of State's website indicates that DBOSS was formed in the state of Florida.

alone.[5]  But in the interests of judicial economy, the Court will proceed to analyze specific jurisdiction.

### B.     Specific Personal Jurisdiction

"A Court's power to exercise jurisdiction over a party is limited by both statutory and constitutional considerations."  *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1135 (S.D. Cal. 2018).  In this case, those considerations are one and the same.  *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution.").

Where, as here, a plaintiff appears to rely on specific jurisdiction, *see* FAC ¶ 9, the Ninth Circuit employs a three-prong test to determine whether the defendant's contacts with the forum state are sufficient.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  These prongs include:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  If Plaintiff can satisfy the first two prongs, as is his burden, it falls on Defendants to show the exercise of jurisdiction would be unreasonable under the third.  *Id.*

---

[5] The Court also directed Plaintiff to serve the *amended complaint* on Camus in accordance with Federal Rule of Civil Procedure 5.  *See* Order at 14–15; *see also* ECF No. 16 at 2.  The Court finds nothing on the docket evincing a renewed attempt at serving Camus with the FAC, but because Rule 5 only requires service on a defaulted party that has not appeared when the pleading asserts a new claim for relief against that party, Plaintiff's FAC—which asserts no new claim for relief—does not need to be served anew.  *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007).

Because Plaintiff's claims sound in tort, the Court will resolve prong one by applying a three-part effects test. *Id.* at 802–03. Under this test, prong one is satisfied if a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Ewing v. BF Advance, LLC*, No. 20-CV-1748-BAS-WVG, 2021 WL 3290416, at *3 (S.D. Cal. Aug. 2, 2021) (quoting *Schwarzenegger*, 374 F.3d at 803). If a TCPA plaintiff plausibly alleges that a defendant "made phone calls to [the plaintiff's] California number," they satisfy this test. *Id.*

### 1. DBOSS

In denying Plaintiff's initial Motion for Default Judgment, the Court held that it could not exercise personal jurisdiction over DBOSS at the default judgment stage because Plaintiff had failed to allege that DBOSS was responsible for any of the calls Plaintiff received. *See* Order at 10–11 (first citing *Sasin v. Enter. Fin. Grp., Inc.*, No. CV 17-4022-CBM-RAO, 2017 WL 10574367, at *4 (C.D. Cal. Nov. 21, 2017); and then citing *Abante Rooter & Plumbing, Inc. v. Ingenious Bus. Sols., Inc.*, No. C 18-06591 WHA, 2019 WL 1201621, at *3 (N.D. Cal. Mar. 14, 2019)). Plaintiff's allegations, the Court noted, were too conclusory to establish that DBOSS had any control over the two callers—Javier Hidalgo and Argenis Jimenez—who Plaintiff alleged were responsible for the thirteen calls/text messages he received between August 2023 through November 2023. *See id.* In explaining this part of the Order, the Court specifically cited to the paragraphs in the Complaint where Plaintiff's allegations fell short. *See id.* at 10 (citing *Drew v. Lexington Consumer Advoc., LLC*, No. 16-CV-00200-LB, 2016 WL 1559717, at *8–9 (N.D. Cal. Apr. 18, 2016)). And it even offered concrete examples of allegations that various courts from this circuit have accepted as pleading a plausible claim under the TCPA. *See id.* (collecting cases).

Plaintiff made virtually no effort to cure these deficiencies. The paragraphs from the Complaint that the Court took issue with the first time around are replicated, without alteration, in the FAC. *Compare* ECF No. 1 ("Compl.") ¶¶ 52–53, 55, 61, 65–66, *with*

FAC ¶¶ 40–41, 43, 49, 53–54. These factual allegations, as before, are simply formulaic recitations of the doctrine of vicarious liability, which the Court cannot credit as plausibly alleging DBOSS exercised control over Hidalgo and Jimenez. Order at 11 (first citing *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018); and then citing *Ashcroft v. Iqbal*, 556 U.S 662, 680–81 (2009)). Thus, Plaintiff has failed to plausibly allege liability by DBOSS.

In an ostensible attempt to demonstrate that this Court should find specific jurisdiction over DBOSS, Plaintiff cites to a case in the FAC where a default judgment was recently entered on substantially similar allegations against DBOSS, but that case just proves the point. FAC ¶ 7 (citing *Tatum v. DBoss Funding, LLC*, No. 6:23-CV-565-JDK-KNM, 2024 WL 5098503, at *5 (E.D. Tex. Nov. 13, 2024), *adopted by* No. 6:23-cv-565-JDK-KNM, 2024 WL 5098051 (E.D. Tex. Dec. 12, 2024)). In *Tatum*, the plaintiff had received a total of thirteen unwanted calls from May 24, 2023, through July 31, 2023. 2024 WL 5098503, at *1. On the thirteenth call, the plaintiff feigned interest in the caller's services "and was referred to DBoss representative Argenis Jimenez," who disclosed to the plaintiff that DBOSS was "the source of the phone calls." *Id.* Thus, like the plaintiff in *Sasin*—a case the Court cited in the Order—the plaintiff in *Tatum* pled a plausible claim by setting forth concrete allegations that "the caller state[d] he/she [was] calling on behalf of" the defendant. *Sasin*, 2017 WL 10574367, at *4. No such allegations are present in the FAC, so again, the Court finds that it lacks specific jurisdiction over DBOSS.

2. *Camus*

The Court also held previously that it could not exercise specific jurisdiction over Camus at the default judgment stage because Plaintiff had failed to plausibly plead either direct liability or indirect liability on the part of Camus. Order at 11–14. With respect to direct liability, the Court held that the Complaint "contain[ed] no nonconclusory allegations suggesting Camus made the calls himself." *Id.* at 11. And with respect to indirect liability, the Court held that Plaintiff had not alleged sufficient facts to support

jurisdiction over Camus through either the "guiding spirit" theory or "alter ego" theory. *Id.* at 12–14. As was true with the Complaint, the FAC contains no factual allegations that Camus initiated any of the thirteen calls or text messages himself, so the Court limits its analysis to indirect liability.[6]

Similar to Plaintiff's failure to cure his pleading deficiencies as they relate to DBOSS, Plaintiff has likewise added no new factual allegations to support liability by Camus. As before with the Complaint, the FAC includes no new "factual allegations tying the individual defendant[] to the at-issue calls."[7] Order at 12 (citing *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127-WQH-KSC, 2018 WL 325112, at *5 (S.D. Cal. Jan. 5, 2018)). Plaintiff has, thus, failed to allege that Camus was "the guiding spirit behind the wrongful conduct[/]the central figure in the challenged corporate activity." *Id.* at 11 (quoting *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019)). Further, Plaintiff adds no new factual allegations to the FAC to show that Camus exercises pervasive control over DBOSS such that "there is no such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist."[8] *Id.* at 13 (quoting *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984)). Plaintiff has, thus, failed to allege that DBOSS is the alter ego of Camus. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) ("Total ownership and shared management personnel are alone insufficient to establish the requisite level of control."). Accordingly, Plaintiff has again failed to establish this Court's specific jurisdiction over Camus through either a

---

[6] Plaintiff alleges that he took part in a seven-minute phone conversation with Camus on March 8, 2024, in which Camus threatened Plaintiff to dismiss the instant lawsuit and "admitted that he was the sole owner and the sole person in charge of Defendant Dboss." FAC ¶ 11. Troubling as this interaction may be, it has no bearing on whether Camus had any personal involvement with the specific phone calls/text messages at issue from August 2023 through November 2023.

[7] As above, the paragraphs from the Complaint that the Court noted were too conclusory to support a plausible claim are replicated verbatim in the FAC. *Compare* Compl. ¶¶ 9, 53, 65, *with* FAC ¶¶ 16, 41, 53.

[8] Again, the Court finds the allegations in the FAC unchanged from those in the Complaint that were previously held to be insufficient. *Compare* Compl. ¶¶ 14, 17, *with* FAC ¶¶ 21, 25.

"guiding spirit" theory or an "alter ego" theory.

Because Plaintiff has not demonstrated that this Court may exercise specific jurisdiction over either Defendant, the Court must deny Plaintiff's Renewed Motion for Default Judgment regardless of whether service of process had been properly effectuated. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Renewed Motion for Default Judgment (ECF No. 23). The Court also **VACATES** the Clerk's Entry of Default as to DBOSS *only*.

Plaintiff has now had over sixteen months—an exceedingly long time as compared to the ninety days permitted by the Federal Rules of Civil Procedure—to properly serve DBOSS, yet he has failed to do so. He has also twice moved for default judgment as to both Defendants to no avail. Despite these missteps, the Court will offer Plaintiff one more opportunity to make his case.

With respect to DBOSS, the Court **GRANTS** Plaintiff fourteen (14) days from the date of this Order to **either** demonstrate, through supplemental briefing and/or evidence, that DBOSS has been appropriately served **or** move for an extension of time to serve DBOSS. With respect to both Defendants, the Court **GRANTS** Plaintiff fourteen (14) days from the date of this Order to file *and* serve an amended complaint containing allegations sufficient to justify this Court's exercise of specific jurisdiction. Plaintiff may serve Camus with the amended complaint in compliance with Federal Rule of Civil Procedure 5.[9] If Plaintiff cannot demonstrate that he previously served DBOSS in accordance with Federal Rule of Civil Procedure Rule 4, however, Plaintiff's service of the amended complaint on DBOSS must comply with Rule 4 rather than Rule 5.

---

[9] As explained, *supra*, service on Camus is required under Federal Rule of Civil Procedure 5 only if the amended complaint asserts a new claim for relief. *See Emp. Painters' Tr.*, 480 F.3d at 999.

1 | Once both Defendants have been properly served with an amended complaint—and
2 | if Defendants again fail to respond within the time set by the Federal Rules of Civil
3 | Procedure—Plaintiff **MAY FILE** a renewed motion for clerk's entry of default as to
4 | DBOSS, followed by a renewed motion for default judgment as to both Defendants.

Lastly, the Court warns Plaintiff that if he fails to comply with the above deadlines, the Court will dismiss this action without prejudice for failure to prosecute in compliance with a court order.

**IT IS SO ORDERED.**

Dated: April 1, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge